IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAUGHN P. JEFFRIES,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-5504 |
| AGENT BROWN, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**YOUNGE, J.**                                                                                       **OCTOBER 6, 2025**

    Plaintiff Vaughn P. Jeffries brings this *pro se* action alleging that his civil rights were violated when he was detained on a parole violation. Named as Defendants are Parole Agent Brown and the Pennsylvania Parole Board. Jeffries seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Jeffries *in forma pauperis* status and dismiss his Complaint. He will be given leave to file an amended complaint if he can cure the deficiencies noted by the Court.

**I.    FACTUAL ALLEGATIONS**[1]

    The allegations in Jeffries's Complaint are brief. The Court understands Jeffries to allege he was being held at the Montgomery County Correctional Facility on October 24, 2024. (Compl. at 3.) He claims that he was detained by Defendant Brown on a parole violation from October 24, 2024, until January 25, 2025, first at SCI Smithfield, then at SCI Camp Hill. (*Id.*) Jeffries asserts that his "crime happened outside the parameters of parole," which he attempted to explain to Defendant Brown in phone calls and letters but was ignored. (*Id.*) As a result of his

---

[1] The factual allegations are taken from Jeffries's Complaint. (ECF No. 2.) The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

detention, Jeffries's medication was increased and he was unable to attend a job interview. (*Id.*) As relief, Jeffries seeks monetary damages. (*Id.* at 4.)

## II.   STANDARD OF REVIEW

The Court will grant Jeffries leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Jeffries is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other

litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

The Court understands Jeffries to seek to present claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even liberally

construing Jeffries's allegations, as this Court must, he has not alleged a plausible basis for a claim against either of the named Defendants.

### A. Claims Against Parole Agent Brown

Jeffries takes issue with his detention from October 24, 2024 until January 25, 2025 on a parole violation. However, the factual allegations are sparse, rendering the true nature of any claim based on these events unclear. According to Jeffries, he tried to explain to Parole Agent Brown that his "crime happened outside the paraments of parole" but was ignored. (*See* Compl. at 3.)

To the extent Jeffries seeks to assert a § 1983 claim based on his arrest on a parole violator warrant or the revocation of his parole, he has failed to properly plead a claim. Having reviewed Jeffries's submission in its entirety and construing the allegations in the Complaint liberally, the circumstances of the alleged unconstitutional acts remain vague. Notably, he does not allege what violation or violations he was arrested for and what facts, if any, support a conclusion that officials lacked a basis to arrest him for those violations. As noted above, the Federal Rules of Civil Procedure require a complaint to describe actions taken by the defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. Although one can discern that Jeffries seeks to claim that his constitutional rights in the parole revocation process were violated, the factual basis for any challenge to a parole violator warrant or the parole process "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their

4

defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). As pled, the claim against Defendant Brown fails to satisfy Rule 8 and will be dismissed. Jeffries will be granted leave to amend this claim.[2]

### B. Claims against Pennsylvania Parole Board

The Commonwealth of Pennsylvania is immune from suit for money damages under the Eleventh Amendment and has not waived that immunity for lawsuits filed in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020); *see also* 42 Pa. Cons. Stat. §§ 8521-22. Further, Commonwealth departments, including the Pennsylvania Parole Board, are immune from such suits. *See Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."); *Moore,* 2023 WL 5972045, at *2 (affirming dismissal of claims against the Pennsylvania Parole Board because it is not a cognizable § 1983 defendant for money damages) (citing *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977)). Accordingly, the Court must dismiss Jeffries's damages claims against the Pennsylvania Parole Board because it is immune from suit.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Jeffries leave to proceed *in forma pauperis*. All claims against the Pennsylvania Parole Board will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Claims against Defendant

---

[2] It bears noting that parole officers are entitled, in damages suits, to quasi-judicial immunity when engaged in adjudicatory duties. *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986) (citation omitted); *see also Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) (*per curiam*) (same).

Brown based on the revocation of parole will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).  Jeffries will be given leave to file an amended complaint that clearly describes the factual basis for his claims against Parole Agent Brown.  Any amended complaint also must conform to the requirements of the Federal Rules of Civil Procedure.

An appropriate Order follows regarding amendment.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN MILTON YOUNGE, J.**